FILED & ENTERED

JUL 17 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick         DEPUTY CLERK

# NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 9:12-bk-14403-PC |
| RUSSELL JAMES PICCIRILLO, | Chapter 7 |
| Debtor. | **MEMORANDUM DECISION** |

On June 28, 2013, the court entered an Order Denying Debtor's Motion for Sanctions [Dkt. # 75] ("Order").  By ex parte application, Debtor, Russell James Piccirillo ("Piccirillo") objects to the form of the Order, and seeks entry of an alternate form of order or, alternatively, an extension of time to file a notice of appeal.  Tracy N. Gertzman, formerly Tracy N. Piccirillo ("Gertzman") and Robert A. Adelman ("Adelman") oppose Piccirillo's ex parte application. The court will grant, in part, and deny, in part, the relief requested based on the following findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a)(1),[1] as incorporated into FRBP 7052 and applied to contested matters in bankruptcy cases.

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "LBR" references are to the Local

I. STATEMENT OF FACTS

On December 1, 2012, Piccirillo filed his voluntary petition under chapter 11 of the Code in the above referenced case. Jeremy W. Faith was appointed as trustee. On April 1, 2013, the court granted relief from the automatic stay to permit Gertzman to continue litigation of a pending marital dissolution action in Case No. D344693, Piccirillo v. Piccirillo, in the Superior Court of California, County of Ventura, to judgment. The order specifically provided that "Movant may proceed in the non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable non-bankruptcy law," but that "Movant is permitted to enforce its final judgment only by [p]roceeding against the Debtor as to NON-estate property or earnings."[2]

On May 31, 2013, Piccirillo filed a Notice of Motion and Motion for Sanctions of $5,000 and $25,000 for Violating the Automatic Stay ("Sanctions Motion") seeking an award of $5,000 in attorneys fees and $25,000 in punitive damages for an alleged violation of the automatic stay by Gertzman and her attorney, Adelman. On June 13, 2013, Gertzman and Adelman filed written opposition to the Sanctions Motion. Piccirillo filed his reply on June 20, 2013. At a hearing on June 27, 2013, the court denied the Sanctions Motion based on findings of fact and conclusions of law stated on the record. The Order was entered on June 28, 2013.

On July 12, 2013, Piccirillo filed a document entitled Objection to Form of Order Denying Motion for Sanctions [and] Notice of Motion and Motion for Order Entering Alternative Form of Order [With or Without Hearing] in the Alternative Extending Time to File Notice of Appeal ("Ex Parte Application") objecting to the form of the Order entered on June 28, 2013, and seeking entry of an alternative form of order or, alternatively, an extension of the time within which to file a notice of appeal under FRBP 8002. On July 14, 2013, Gertzman and Adelman filed opposition to Piccirillo's Ex Parte Application.

---

Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

[2] Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in Non-bankruptcy Forum) (Dkt. # 40).

2

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Piccirillo's Ex Parte Application is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

A. Debtor's Objection to Form of Order Denying Motion for Sanctions

Debtor objects to the form of the Order because it "was not served on counsel as required by Local Rule 9021-(b)(3)(A) [sic] and no opportunity to object was provided, nor was there any notice of lodgment."[3] Debtor further objects on the grounds that "[t]he Court did not wait the 7 days required for a contested matter as required by Local Rule 9021-(b)(3)(C) [sic] and instead entered an order within one day of the hearing."[4]

On June 28, 2013, counsel for Gertzman and Adelman, as the prevailing party at the June 27th hearing, lodged a proposed order denying the Sanctions Motion. However, the court did not sign Gertzman and Adelman's proposed order. The court modified the order to delete unnecessary factual findings and corrected it to properly reflect that Piccirillo's motion was denied based on findings of fact and conclusions of law stated on the record. The court has the primary responsibility to make findings of fact and conclusions of law that represent the judge's own determination and to enter an accurate order thereon.[5] This responsibility is not trumped by the court's local rules which simply contain a procedure for the prevailing party to lodge a

---

[3] Ex Parte Application 2:8-10.

[4] Id. 2:11-12.

[5] The Ninth Circuit is critical of judges who shirk their responsibility to make and preserve an accurate record and instead rely upon inaccurate findings and conclusions prepared by one or more of the parties to a trial or contested matter. See Carpet Seaming Tape Licensing Corp. v. Best Steam, Inc., 616 F.2d 1133, 1137 (9th Cir. 1980) ("[T]he trial judge relied in large part upon findings of fact submitted by the parties which contain an abundance of superfluous material and all to little of the facts needed to properly resolve the matters at issue. The responsibility of the trial judge to make his or her own findings of fact has been emphasized repeatedly.")

3

proposed order and the non-prevailing party to object to the form thereof, absent the court ordering otherwise.[6]

With respect to the issue of notice of the Order, Piccirillo and his counsel had proper notice of the entry of the Order. The court takes judicial notice of the BNC Certificate of Service establishing that notice of the entered Order [Dkt. # 76] was sent by the court via United States mail, first class mail, postage prepaid, to Piccirillo on June 30, 2013, and electronically by the court to Piccirillo's counsel on June 28, 2013.

Because the Order entered by the court correctly reflects that Piccirillo's motion was denied based on findings of fact and conclusions of law stated on the record, Piccirillo's objection to the form of the order is overruled and Piccirillo's motion for order entering an alternative order is denied.

B. <u>Debtor's Request for an Extension of Time to File Notice of Appeal</u>.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure specifically provides that a notice of appeal must be filed within 14 days from the date of entry of the judgment, order or decree from which the appeal is to be taken. Rule 8002(c)(2) states, in pertinent part, that the bankruptcy court may authorize an extension of time to file a notice of appeal provided the request is "made by written motion filed before the time for filing a notice of appeal has expired." FRBP 8002(c)(2). Rule 8002's provisions are jurisdictional and are strictly construed. See <u>Delaney v. Alexander (In re Delaney)</u>, 29 F.3d 516, 518 (9th Cir. 1994); <u>Slimick v. Silva (In re Slimick)</u>, 928 F.2d 304, 306 (9th Cir. 1990); <u>Greene v. United States (In re Souza)</u>, 795 F.2d 855, 857 (9th Cir. 1986). Therefore, the timely filing of a notice of appeal is mandatory. <u>Warrick v. Birdsell (In re Warrick)</u>, 278 B.R. 182, 185 (9th Cir. BAP 2002); <u>Key Bar Invs., Inc. v. Cahn (In re Cahn)</u>, 188 B.R. 627, 630 (9th Cir. BAP 1995).

In this case, the Order was entered on June 28, 2013 and the 14-day period for filing a notice of appeal expired on July 12, 2013. Piccirillo's Ex Parte Motion was filed on July 12, 2013, and is timely. Piccirillo's request for an extension of time is not addressed substantively in

---

[6] LBR 9021-1(b).

the opposition filed by Gertzman and Adelman.  Accordingly, the court grants Piccirillo's request and extends the deadline to file a notice of appeal to and including August 2, 2013.

### III.  CONCLUSION

For the reasons stated, Piccirillo's objection to the form of the Order will be overruled, Piccirillo's motion seeking entry of an alternative order will be denied, and Piccirillo's motion seeking an extension of time to file a notice of appeal will be granted through and including August 2, 2013.

A separate order will be entered consistent with this Memorandum Decision.

###

Date: July 17, 2013

Peter H. Carroll
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): __**Memorandum Decision**__ was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 07-17-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Sharon C Hughes    schug98@aol.com, shughes@hd-law.com
- Sharon C Hughes    schug98@aol.com, shughes@hd-law.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Shai S Oved    ssoesq@aol.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page